Sarah Stasch, WSBA #26987
STASCH LAW LLC
33530 First Way South Suite 102
Federal Way, WA  98003

Of Counsel to
LEMBERG LAW LLC
43 Danbury Road
Wilton, CT 06897
Telephone: (253) 253-0539
Facsimile: (253) 253-0701
Email: staschlaw@gmail.com

Attorneys for Plaintiff
Crissandra Johnston

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Crissandra Johnston,<br><br>         Plaintiff,<br><br>    vs.<br><br>Columbia Debt Recovery, LLC; and<br>DOES 1-10, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT**<br>**COLLECTION PRACTICES ACT,**<br>**15 U.S.C. § 1692 *ET. SEQ*.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, Plaintiff, Crissandra Johnston, by undersigned counsel, states as follows:

## JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

3.     Plaintiff, Crissandra Johnston (hereafter "Plaintiff"), is an adult individual residing in Puyallup, Washington, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

4.     Defendant Columbia Debt Recovery, LLC ("Columbia") is a Washington business entity with an address of 1215 120th Avenue Northeast, Suite 101, Bellevue, Washington 98005, operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

5.     Does 1-10 ("Collectors") are individual collectors employed by Columbia and whose identities are currently unknown to Plaintiff. One or more of the

Collectors may be joined as parties once their identities are disclosed through discovery.

6.      Columbia at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### The Debt

7.      Plaintiff allegedly incurred a financial obligation ("Debt") to Campbell Run Apartments ("Creditor").

8.      The Debt arose from services provided by the Creditor, which were primarily for family, personal, or household purposes, and meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9.      The Debt was purchased, assigned, or transferred to Columbia for collection, or Columbia was employed by the Creditor to collect the Debt.

10.     Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### Columbia Engages in Harassment and Abusive Tactics

11.     In December 2016, Plaintiff discovered the Debt on her credit report.

12.     On December 21, 2016, Plaintiff sent a dispute letter to Columbia via electronic delivery.

COMPLAINT FOR DAMAGES

13.    Columbia failed to address Plaintiff's dispute and continued collection efforts.

14.    By letter dated March 8, 2017, Plaintiff sent another letter to Columbia via U.S. priority mail, disputing the validity of the Debt and requesting that all future communication be in writing only.

15.    Columbia received Plaintiff's letter on March 10, 2017.

16.    In complete disregard of Plaintiff's written request to cease all telephone communication with her, Columbia continued placing collection calls to Plaintiff.

17.    In or around May 2017, Columbia called Plaintiff's place of employment and Plaintiff's family members in an attempt to collect the Debt from Plaintiff.

18.    When Columbia called Plaintiff's family members, Columbia was in possession of Plaintiff's accurate contact information.

19.    When calling Plaintiff's workplace, Columbia disclosed the nature of the call, causing embarrassment and humiliation to Plaintiff.

20.    Columbia failed to send Plaintiff a 30-day validation notice within five days of its initial communication with Plaintiff.

**Plaintiff Suffered Actual Damages**

21.    Plaintiff suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

22.     As a direct consequence of Defendants' acts, practices, and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration, and embarrassment.

## COUNT I

## VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     Defendants' conduct violated 15 U.S.C. § 1692b(1) in that Defendants contacted third parties for purposes other than to confirm or correct location information.

25.     Defendants' conduct violated 15 U.S.C. § 1692b(2) in that Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

26.     Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than Plaintiff, Plaintiff's attorney, or a credit bureau.

27.     Defendants' conduct violated 15 U.S.C. § 1692c(c) in that Defendants contacted Plaintiff after having received written notification from Plaintiff to cease communication.

28. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt.

29. Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt.

30. Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect a debt.

31. Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

32. Defendants' conduct violated 15 U.S.C. § 1692g(a) in that Defendants failed to send Plaintiff an initial letter within five days of their initial contact with Plaintiff, as required by law.

33. Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the Debt had not been verified.

34. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

35. Plaintiff is entitled to damages as a result of Defendants' violations.

COMPLAINT FOR DAMAGES

# **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1.  Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants;

3.  Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4.  Actual damages from Defendants for all damages suffered as a result of the intentional, reckless, and/or negligent FDCPA violations in an amount to be determined at trial for Plaintiff; and

5.  Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 4, 2017

By:   */s/  Sarah Stasch*
Sarah Stasch, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Crissandra Johnston